24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ligia De Carmen CRUZ-BURGOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70772.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1994.*
Decided May 13, 1994.
 
 1
 Before: NOONAN, T.G. NELSON, Circuit Judges; EZRA, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Ligia de Carmen Cruz-Burgos (Cruz-Burgos) is a native and citizen of Nicaragua who entered this country without inspection on March 23, 1985. Ordered to show cause why she should not be deported, she conceded deportability and sought asylum and withholding of deportation. The Immigration Judge found Cruz-Burgos eligible for asylum, which he granted. The Immigration and Naturalization Service appealed, and the Board of Immigration Appeals (BIA) sustained the appeal and reversed the decision of the Immigration Judge. The BIA reasoned that Cruz-Burgos had not shown past persecution, or a well-founded fear of persecution, because of her political views, as required under INS v. Elias Zacarias, 112 S.Ct. 812 (1992). Cruz-Burgos petitions this court for review.
 
 
 4
 So far as the evidence showed, the Lieutenant's affronts to Cruz-Burgos were sexual, not political in their motivation. It is undisputed that personal behavior, however despicable, cannot be a predicate for relief under 8 U.S.C. Sec. 1101(a)(42)(A). Lazo-Majano v. I.N.S., 813 F.2d 1432 (9th Cir.1987), relied on by the petitioner, must be distinguished. In Lazo-Majano, the petitioner had a political opinion which became the basis of her persecution by the officer sexually attracted to her and willing to exploit her vulnerability.
 
 
 5
 Substantial evidence supports the BIA's findings that Cruz-Burgos is not entitled to a grant of asylum. Because Cruz-Burgos failed to show she was qualified for a grant of asylum, she necessarily fails to qualify for withholding of deportation. See DeValle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 6
 The petition is therefore DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3